# SLIP OP. 09-11

## UNITED STATES COURT OF INTERNATIONAL TRADE

---

|  |  |
|---|---|
| GPX INTERNATIONAL TIRE CORPORATION and HEBEI STARBRIGHT TIRE CO., LTD., | |
| Plaintiffs, | |
| v. | Before: Jane A. Restani, Chief Judge |
| UNITED STATES, | Consol. Court No. 08-00285 |
| Defendant, | |
| and | |
| BRIDGESTONE AMERICAS, INC., BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, TITAN TIRE CORPORATION, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO-CLC, | |
| Defendant-Intervenors. | |

## **OPINION**

[Proposed plaintiff-intervenor's motion to intervene denied.]

Dated: February 12, 2009

Winston & Strawn, LLP (Daniel L. Porter and James P. Durling); Hinckley Allen & Snyder LLP (Eric F. Eisenberg); Orrick, Herrington & Sutcliffe LLP (John A. Jurata, Jr.) for the plaintiffs.

Winston & Strawn, LLP (Daniel L. Porter and James P. Durling) for the proposed plaintiff-intervenor.

Michael F. Hertz, Deputy Assistant Attorney General; Jeanne E. Davidson, Director, Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil

Consol. Court No. 08-00285                                                                                          Page 2

Division, U.S. Department of Justice (John J. Todor and Loren M. Preheim); Irene H. Chen and Matthew D. Walden, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of counsel, for the defendant.

King & Spalding, LLP (Joseph W. Dorn, Christopher T. Cloutier, Daniel L. Schneiderman, J. Michael Taylor, and Kevin M. Dinan); Stewart and Stewart (Geert M. De Prest, Elizabeth A. Argenti, Elizabeth J. Drake, Eric P. Salonen, Terence P. Stewart, Wesley K. Caine, and William A. Fennell) for the defendant-intervenors.

Restani, Chief Judge: This matter is before the court on the Ministry of Commerce, People's Republic of China's ("Government of China") motion to intervene in GPX International Tire Corp. v. United States, Consol. Court No. 08-00285, pursuant to USCIT Rule 24 and 28 U.S.C. § 2631(j)(1)(B) (2006).  Plaintiffs GPX International Tire Corporation ("GPX") and Hebei Starbright Tire Co., Ltd. ("Starbright") seek judicial review of the Department of Commerce's ("Commerce") determinations imposing both antidumping ("AD") and countervailing ("CVD") duties on certain pneumatic off-the-road ("OTR") tires from the People's Republic of China.  See Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Notice of Amended Final Affirmative Determination of Sales at Less Than Fair Value and Antidumping Duty Order, 73 Fed. Reg. 51,624 (Dep't Commerce Sept. 4, 2008); Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Final Affirmative Countervailing Duty Determination and Final Negative Determination of Critical Circumstances, 73 Fed. Reg. 40,480 (Dep't Commerce July 15, 2008).  The Government of China's current motion arises out of plaintiffs' apparent inability to continue to pursue vigorously judicial review of these determinations due to financial constraints.  Because the Government of China has not demonstrated good cause for the untimely filing of its motion to intervene, the court denies the motion.

Consol. Court No. 08-00285                                                                      Page 3

On September 9, 2008, plaintiffs filed complaints challenging Commerce's AD and CVD determinations, as well as a motion for a temporary restraining order and preliminary injunction, alleging that collection of full AD and CVD deposits would cause irreparable harm. The court denied plaintiffs' motion on November 12, 2008 and denied plaintiffs' motion for reconsideration on December 30, 2008. The Government of China moved to intervene on January 13, 2009.

Pursuant to USCIT Rule 24(a), motions to intervene must be filed within thirty days of service of the complaint. USCIT R. 24(a). A court may permit late intervention only for good cause, upon a showing of "(1) mistake, inadvertence, surprise or excusable neglect; or (2) under circumstances in which by due diligence a motion to intervene . . . could not have been made within the 30-day period." Id. In determining what type of neglect would be deemed excusable, this court considers "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Siam Food Prods. Pub. Co. v. United States, 24 F. Supp. 2d 276, 279 (CIT 1998) (internal quotation marks and citation omitted); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

The Government of China maintains that its untimely submission was caused by "excusable neglect" because the need to intervene became apparent only when it learned that plaintiffs no longer had the financial means to fully and adequately pursue their appeals of the administrative decisions. (Mot. to Intervene by the Gov't of the People's Republic of China 2, 6

Consol. Court No. 08-00285													Page 4

("Gov't of China Mot."); see also Barringer Aff. ¶ 8 ("It was [the Government of China's] understanding that GPX and Starbright would be able to continue participating in the court appeals, provided that the Court granted the preliminary injunction sought by GPX and Starbright.").) The Government of China further contends that the approval process to file a motion to intervene on its behalf is complex and time consuming and that a decision was made to wait until a final resolution in the preliminary injunction proceedings before seeking authorization to intervene. (Gov't of China Mot. 5.)

       The Government of China also alleges that granting the motion would not prejudice the other parties, as it intends to address only those issues already set forth in plaintiffs' amended complaints. (Id.) Commerce, however, contends that it would be prejudiced because it would have to "devote additional resources and analyze different portions of the record at this late stage to respond to China's brief." (Def.'s Opp'n to Mot. to Intervene by the Gov't of the People's Republic of China 7.) Commerce alleges this delay is particularly prejudicial because GPX filed a motion for leave to amend its complaint prior to the Government of China's motion to intervene in order to raise issues that would be subsequently argued by the Government of China once they intervened. (Id. at 8.)[1]

       It is likely some prejudice would result from granting the movant's request to intervene, but underlying merits litigation did not proceed while litigation on plaintiffs' motion for a preliminary injunction was ongoing, and a briefing schedule has only recently been issued. The court is more troubled by the Government of China's conscious decision to delay intervention pending the outcome of the preliminary injunction and in particular, its belief that

---

[1] The motion to amend will be granted, but it is unclear whether GPX on its own will litigate any new issues.

plaintiffs could continue to maintain their appeals if the preliminary injunction were granted. A preliminary injunction is an extraordinary remedy, and preliminary relief from deposit requirements is granted only in the rarest of circumstances. See Queen's Flowers de Colombia v. United States, 947 F. Supp. 503, 506 (CIT 1996). The Government of China was aware of plaintiffs' heavy burden at the preliminary injunction phase and assumed the risk that the court would deny the injunction. Further, the Government of China's argument concerning the slow bureaucratic process for intervention approval is belied by its ability to file a motion to intervene approximately fifteen days after it allegedly became aware of its need to intervene in the appeals, i.e., the date when plaintiffs' motion for reconsideration of the preliminary injunction was denied.

As we noted in Siam Food, allowing such a broad excuse would enable almost any party to delay intervention upon a similar showing, thus rendering "the actual time limit [of Rule 24] superfluous." Siam Food, 24 F. Supp. 2d at 281. "The court is not convinced that the circumstances that gave rise to this motion were genuinely outside the reasonable control" of the Government of China. Home Prods. Int'l, Inc. v. United States, 521 F. Supp. 2d 1382, 1385 (CIT 2007). The Government of China had notice of the substantive issues raised by the appeals and could have moved to intervene. Instead, it delayed its decision on its involvement, awaiting a favorable determination on a motion for preliminary injunction. There is no "excusable neglect" present, but rather "a conscious decision not to intervene timely." Siam Food, 24 F. Supp. 2d at 280. Given the additional complications adding another party would cause and given the lack of a reasonable excuse for the untimely motion, the motion will be denied.

Consol. Court No. 08-00285                                                                                    Page 6

      For the foregoing reasons, the court finds that the Government of China failed to establish good cause for its untimely submission of this motion.  Accordingly, the motion is denied.

                                                  /s/ Jane A. Restani
                                                     Jane A. Restani
                                                     Chief Judge

Dated: This 12th day of February, 2009.
       New York, New York.

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                      Deputy Clerk