UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE JANE A. RESTANI, CHIEF JUDGE

| | |
|---|---|
| GPX INTERNATIONAL TIRE CORPORATION et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| UNITED STATES, | )<br>)  Consol. Case No. 08-285 |
| Defendant, | )<br>) |
| and | )<br>) |
| BRIDGESTONE AMERICAS, INC., et al., | )<br>) |
| Defendant-Intervenors. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' REPORT CONCERNING EFFECT OF GPX BANKRUPTCY PROCEEDING ON CONDUCT OF COURT CASE**

Defendant, the United States, respectfully responds to the report filed on April 5, 2010, by plaintiffs GPX International Tire ("GPX") and Hebei Starbright ("Starbright") in response to the Court's order dated March 5, 2010, regarding the actions that have been taken to resolve the issues of the effect of the bankruptcy proceedings upon this case.

Plaintiffs indicate in their report that "the Bankruptcy Court granted relief from the automatic stay to permit the instant case to proceed, with the provision that the Bankruptcy Court took under advisement the issue of whether the automatic stay also applies to Titan International, Inc." Plaintiffs' Resp. to Court Order at 2. Specifically, on March 31, 2010, the bankruptcy court issued an order lifting the automatic stay, and reserved ruling upon the issues raised in Titan's limited objection "following the submission of briefs by the parties on or before Tuesday

April 6, 2010." Id. at Attachment 2. Plaintiffs assert that "there is no reason why this Court action cannot continue again," and request that the Court order the Department of Commerce ("Commerce") to submit its results pursuant to remand "very soon." Id. at 2-3.

The Court's February 16 order states that "Commerce shall file its results twenty (20) days after receiving notice of the inapplicability of the stay." In light of GPX's representation that it expected to reach settlement of the bankruptcy matter, the Court's March 5 Order directed GPX to report to the Court within 30 days as to its decision as to prosecution in this matter," and further states that "if these matters are not resolved within 30 days, plaintiff shall also report that to the court and a status conference will be held on April 16, 2010 at 11:00 a.m."

Although the bankruptcy court lifted the automatic stay with immediate effect, the bankruptcy court ordered further briefing on the limited objection. Consequently, Titan may continue to refrain from participating in the remand proceedings, and has not yet commented on the draft remand results. However, in accordance with the Court's February 16 Order, Commerce's obligation to conclude its remand proceedings within 20 days is triggered by GPX's notice to the Court regarding the automatic stay. Commerce is ready and willing to recommence the remand proceedings (without conceding that the automatic stay was applicable), and intends to submit its remand determination within 20 days from the date of GPX's notice of bankruptcy order, i.e., on April 26, 2010, unless the Court orders otherwise.

                Respectfully submitted,

                TONY WEST
                Assistant Attorney General

| | |
|---|---|
| | JEANNE E. DAVIDSON<br>Director<br><br>/s/ Franklin E. White<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br><br>MATTHEW WALDEN<br>Attorney International<br>Office of the Chief Counsel<br>  for Import Administration<br>U.S. Department of Commerce | /s/ Michael D. Panzera<br>MICHAEL D. PANZERA<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>1100 L St., N.W., Room 10120<br>Attn: Classification Unit, 8th Floor<br>Washington, D.C. 20530<br>Telephone: (202) 305-7587<br>Facsimile: (202) 353-7988<br>E-mail: Michael.Panzera@usdoj.gov |
| April 6, 2010 | Attorneys for Defendant |

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 6th day of April, 2010, I caused to be sent, "DEFENDANT'S RESPONSE TO PLAINTIFFS' REPORT CONCERNING EFFECT OF GPX BANKRUPTCY PROCEEDING ON CONDUCT OF COURT CASE" addressed as follows:

Daniel L. Porter
Winston & Strawn
1700 K St., N.W.
Washington, DC
20006

Wesley Keith Caine
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC
20037

Joseph W. Dorn
King & Spalding, LLP
1700 Pennsylvania Avenue,
NW. Washington, DC
20006-4706

Phillipe M. Bruno
Greenberg Traurig,
2101 L Street, N.W., Suite
1000 Washington, DC 20037

s/ Michael D. Panzera