SLIP OP. 10-112

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GPX INTERNATIONAL TIRE CORPORATION and HEBEI STARBRIGHT TIRE CO., LTD., <br><br> Plaintiffs, <br><br> and <br><br> TIANJIN UNITED TIRE & RUBBER INTERNATIONAL <br><br> Consolidated Plaintiff, <br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> BRIDGESTONE AMERICAS, INC., BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, TITAN TIRE CORPORATION, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO-CLC, <br><br> Defendant-Intervenors. | Before: Jane A. Restani, Chief Judge <br><br> Consol. Court No. 08-00285 |

**OPINION**

[Judgment sustaining second remand determination will be entered; no order lifting duty deposit requirement.]

Dated: October 1, 2010

Winston & Strawn LLP (Daniel L. Porter, James P. Durling, Matthew P. McCullough, Ross E.

Bidlingmaier, and William H. Barringer) for the plaintiffs.

   Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP (Francis J. Sailer, Andrew T. Schutz, and Mark E. Pardo) and Greenberg Traurig, LLP (Philippe M. Bruno and Rosa S. Jeong) for the consolidated plaintiff.

   Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael D. Panzera, John J. Todor and Loren M. Preheim); Office of the Chief Counsel for Import Administration, U.S. Department of Commerce (Matthew D. Walden and Daniel J. Calhoun), of counsel, for the defendant.

   King & Spalding, LLP (Joseph W. Dorn, Christopher T. Cloutier, Daniel L. Schneiderman, J. Michael Taylor, Jeffrey M. Telep, Kevin M. Dinan, and Prentiss L. Smith) for defendant-intervenors Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC.

   Stewart and Stewart (Geert M. De Prest, Elizabeth A. Argenti, Elizabeth J. Drake, Eric P. Salonen, Terence P. Stewart, Wesley K. Caine, and William A. Fennell) for defendant-intervenors Titan Tire Corporation and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC.

  Restani, Chief Judge: In this case, in addition to various procedural rulings, three full opinions addressing substantive claims have been issued by the court during the course of litigation. See GPX Int'l Tire Corp. v. United States, 587 F. Supp. 2d 1278 (CIT 2008); GPX Int'l Tire Corp. v. United States, 645 F. Supp. 2d 1231 (CIT 2009); GPX Int'l Tire Corp. v. United States, Slip Op. 10-84, 2010 Ct. Intl. Trade LEXIS 88 (CIT Aug. 4, 2010). This matter is now before the court following a second remand determination. The parties agree that Commerce has complied under protest with the last court decision and inter alia has excluded Starbright and TUTRIC from the otherwise applicable countervailing duty ("CVD") determination. Judgment will be entered sustaining this determination. Starbright and TUTRIC, however, also seek an order directing the United States Department of Commerce not to require

deposits for CVD for the exports of these parties. The court's first opinion denied Starbright's request for a preliminary injunction seeking essentially the same relief, on grounds of lack of irreparable harm attributable to the CVD determination. See GPX, 587 F. Supp. 2d at 1291–92. Starbright makes no new attempt, and TUTRIC makes no attempt at all, to show harm which cannot be remedied through ordinary remedies at law. In the court's earlier opinion, it discussed the law relevant to injunctive relief in this context and thus, there is no need to repeat it here. See id. at 1283–84. It makes no difference that plaintiffs have succeeded on the merits. If what they seek is injunctive relief they must still demonstrate the entitlement to equitable injunctive relief under the additional requirements for such relief. See Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 381 (2008).

      Plaintiffs' however, cite Diamond Sawblades Manufacturers Coalition v. United States, 650 F. Supp. 2d 1331 (CIT 2009), in support of their request. In that case the court entered a writ of mandamus essentially to enforce its prior judgment. See Diamond Sawblades, 650 F. Supp. 2d at 1356. The court in that case required the collection of duty deposits after it overturned a negative injury determination of the International Trade Commission, thus preserving potential remedies. Id. at 1357. Underlying the decision, however, is the conclusion that a final judgment of this court sustaining an agency remand determination results in the replacement of an original determination found erroneous. In this case that would mean that there is no underlying determination supporting the CVD order as to plaintiffs and cash deposits may not be collected. That may be the proper interpretation of the statute. Nonetheless, Diamond Sawblades has been appealed. The court sees no purpose in extensive discussion of the statutory interpretation issue presented there, given the facts of the case before it now.

      Rather, here the government has made it clear that it will appeal the court's decision and the court interprets its opposition to plaintiffs' request as an alternate preemptive request for stay pending appeal, just as plaintiffs' request to direct Commerce not to collect duty deposits presupposes the action the government will take or not take as a result of this judgment. Given the unsettled state of the law with respect to this procedural issue, as well as the unsettled state of the law governing the substance of this action, the court would grant a request by the government to stay pending appeal such portion of the requested judgment that would require the cessation of the collection of duties. In the absence of demonstration of irreparable harm to plaintiffs, and in view of the risk to the government if the duty obligation were unsecured, the court would grant a formal stay request. Accordingly, to avoid further briefing to no effect, the court will deny plaintiffs' request to include this specific direction in the judgment. Obviously, if there is no appeal, the court's final opinion will become conclusive and there appears to be no dispute that in such a case the government would act in a regular manner and cease collection of CVD deposits.

                                                                         /s/ Jane A. Restani  
                                                                         Jane A. Restani  
                                                                         Chief Judge

Dated: This 1st day of October, 2010.  
       New York, New York.

UNITED STATES COURT OF INTERNATIONAL TRADE

---

GPX INTERNATIONAL TIRE
CORPORATION and HEBEI
STARBRIGHT TIRE CO., LTD.,

   Plaintiffs,

 and

TIANJIN UNITED TIRE & RUBBER
INTERNATIONAL

   Consolidated Plaintiff,
 v.

UNITED STATES,

   Defendant,

 and

BRIDGESTONE AMERICAS, INC.,
BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC, TITAN TIRE
CORPORATION, and UNITED STEEL,
PAPER AND FORESTRY, RUBBER,
MANUFACTURING, ENERGY, ALLIED
INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC,

   Defendant-Intervenors.

Before: Jane A. Restani, Chief Judge

Consol. Court No. 08-00285

---

## JUDGMENT

The final determination on remand of the United States Department of Commerce in this action is hereby sustained and in accordance with 19 U.S.C. § 1516a(e), any entries, the

Consol. Court No. 08-00285 																				Page 2

liquidation of which has been enjoined in this action, shall be liquidated only in accordance with the final results of this litigation, including any and all appeals.

                                                                /s/ Jane A. Restani
                                                                 Jane A. Restani
                                                                 Chief Judge

Dated: This 1st day of October, 2010.
       New York, New York.